IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

ELECTRONICALLY FILED
May 15 2020
U.S. DISTRICT COURT
Northern District of WV

| | | |
|---|---|---|
| **MINDI LEE KRESYMAN,** | ) | **CASE NO.:** 5:20-CV-96 |
| Plaintiffs, | ) | **JUDGE:** Bailey |
| v. | ) | |
| **LOWE'S HOME CENTERS, LLC,** | ) | |
| Defendant. | ) | |

**LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Lowe's Home Centers, LLC ("Lowe's") hereby removes this civil action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, Lowe's states that this Court has diversity jurisdiction over this action and pleads as follows:

1. On or about April 15, 2020, Plaintiff commenced this action by filing a Complaint against Lowe's in the Circuit Court of Ohio County, West Virginia, Civil Action No. 20-C-94, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon Lowe's designated agent for service of process on April 17, 2020.

2. Plaintiff Mindi Kresyman alleges that on or about April 22, 2018, she was injured while loading a Bolen lawn mower into her vehicle after purchasing the same at Lowe's Wheeling, West Virginia store. (**Ex. A**, at ¶¶ 3, 9, 13). As a result, Plaintiff alleges she was "caused to suffer severe and debilitating injuries as a result of Defendant's negligence." (*Id.* at ¶ 12).

11286947.1

3. The only named defendant is Lowe's Home Centers, LLC. (*See*, **Ex. A**).

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322 (1999). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).

5. This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of the Complaint in this action.

## VENUE

8. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Northern District of West Virginia is the United States District Court embracing Ohio County, where the state court action was pending in the Circuit Court of Ohio County.

## DIVERSITY OF CITIZENSHIP

9. This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, Plaintiff Linda Persinger is a citizen of West Virginia. (**Ex. A** at ¶ 1).

11. With the exception of certain class actions, for purposes of diversity jurisdiction, the

citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See also Central W. Va. Energy, Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

12. At the time of the commencement of this action and at the time of removal, Lowe's was and is a North Carolina limited liability company with its principal office in North Carolina. All of Lowe's members are citizens of North Carolina. Thus, Lowe's is a citizen of North Carolina.

13. Accordingly, there is complete diversity in this civil action, as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

14. Plaintiff alleges that as a result of the incident described in the complaint, she sustained the following injuries and damages:

   a. Injuries "in and about her head, neck, back, shoulders, extremities, body chemistry, psyche, muscles, tissues, fascia, and other body parts," of which some may be permanent and lasting in nature;

   b. Divers and sundry expenses for medical care and treatment in an undetermined amount, of which she will continue to incur in the future;

   c. A diminution in the ability to care for herself;

   d. A loss of enjoyment of life

   e. Lost earnings, both past and future; and

   f. Other damages.

(*See*, **Ex. A** at ¶¶ 18-20, 22-23).

16. The Complaint does not specify the exact amount of damages sought by Plaintiff or the amount in controversy in this case. However, based on Plaintiff's claimed damages, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17. In the absence of an *ad damnum* clause with an amount over $75,000, removal is proper if the removing party can prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d. 481, 489 (S.D. W. Va. 2001).

18. "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000.00, the Court must independently assess whether the Defendants have proven by a preponderance of the evidence" that the complaint seeks more than $75,000.00. *Virden v. Altria Group, Inc.*, 304 F.Supp.2d 832 (N.D. W. Va. 2004).

19. When evaluating whether such claims meet the amount in controversy for removal purposes the Court "may look to the entire record" and "make an independent evaluation" to assess whether the action meets the $75,000.00 requirement. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D. W. Va. 1994).

20. Looking at the entire record in this matter, Plaintiff's Complaint alleges she is entitled to compensatory damages in an amount sufficient to compensate her for her past and future losses and damages, pre-judgment interest, post-judgment interest, costs, and other relief as the Court and/or jury deems just and proper. (**Ex. A**, p. 6, *ad damnum* clause).

21. Taking into account the fact that Plaintiff seeks relief for medical bills, lost wages, court costs, and non-economic damages – all of which are both past and future – the amount in controversy in this case clearly exceeds the jurisdictional amount of $75,000. Therefore, the

jurisdictional amount is established to satisfy the requirements of 28 U.S.C. § 1332(a).

## OTHER MATTERS

21. The Clerk of the Circuit Court of Ohio County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

22. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Ohio County, West Virginia.

23. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

24. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

WHEREFORE, Lowe's hereby removes this action from the Circuit Court of Ohio County, West Virginia, to the United States District Court for the Northern District of West Virginia.

*/s/ Elizabeth L. Stryker*
Monté L. Williams, Esq. (WV Bar #9526)
Elizabeth L. Stryker, Esq. (WV Bar # 13270)
R. Mitch Moore, Esq. (WV Bar #13659)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
monte.williams@steptoe-johnson.com
liz.stryker@steptoe-johnson.com
*Counsel for Lowe's Home Centers, LLC*

11286947.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | | |
|---|---|---|
| **MINDI LEE KRESYMAN,** | ) | **CASE NO.:** 5:20-CV-96 |
| | ) | |
| Plaintiffs, | ) | **JUDGE:** Bailey |
| | ) | |
| v. | ) | |
| | ) | |
| **LOWE'S HOME CENTERS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing ***"Lowe's Home Centers, LLC's Notice of Removal"*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have mailed complete copies of this filing to counsel of record via First Class US Mail:

Ronald W. Zavolta, Esquire
Paul J. Ratcliffe, Esquire
Zavolta Law Offices
741 Fairmont Pike
Wheeling, WV 26003
*Counsel for Plaintiff*

/s/ Elizabeth L. Stryker
Monté L. Williams, Esq. (WV Bar #9526)
Elizabeth L. Stryker, Esq. (WV Bar # 13270)
R. Mitch Moore, Esq. (WV Bar #13659)
Steptoe & Johnson PLLC
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
monte.williams@steptoe-johnson.com
liz.stryker@steptoe-johnson.com
*Counsel for Lowe's Home Centers, LLC*

11286947.1