IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MINDI LEE KRESYMAN,**

        Plaintiff,

v.                                      **Civil Action No. 5:20-CV-96**
                                           Judge Bailey

**LOWE'S HOME CENTERS, LLC,**

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

Pending before this Court are Defendant Lowe's Home Centers, LLC's Motion to Dismiss [Doc. 4] and Defendant Lowe's Home Centers, LLC's Motion to Stay Discovery [Doc. 18]. The Motion to Dismiss has been fully briefed and is ripe for decision.

The facts of this case are not complex.[1] On or about April 22, 2018, in Wheeling, Ohio County, West Virginia, the plaintiff traveled to the Lowe's store location at 2801 Chapline Street to purchase a Bolen Lawnmower. Plaintiff ultimately selected said lawn mower and notified a Lowe's employee that she required assistance in retrieving the lawn mower down from an elevated storage shelf display. The Lowe's employee removed the lawnmower and placed it on a large blue cart for transporting to checkout. The employee told plaintiff that there would be a Lowe's employee to load the lawnmower into her vehicle. After paying for the mower, the cashier said that a specific employee, a loader, would place the same into her vehicle.

---

[1] The facts as recited are those pled by the plaintiff, inasmuch as this Court will view the facts in a light most favorable to the non-moving party.

Plaintiff waited in the parking lot twenty to thirty minutes, and no Lowe's employee arrived to load her lawnmower. Cars were pulling and backing into adjacent parking spots and plaintiff was uncomfortable and did not feel safe standing behind her vehicle with the large flatbed cart. Having no alternative, plaintiff was compelled to load her lawnmower into her vehicle, and suffered serious and severe lumbar injury.

A Lowe's employee immediately admitted to plaintiff after she suffered her injury that the store had specific policies and procedures and/or rules in place that loaders were to lift heavy items into customers vehicles.

The plaintiff contends that under the preceding facts, the defendant may be found to be negligent.

To succeed on a negligence claim in West Virginia, a plaintiff must establish each of the following elements: duty, breach, causation, and damages. *Carter v. Monsanto Co.*, 212 W. Va. 732, 737, 575 S.E.2d 342, 347 (2002). "No action for negligence will lie without a duty broken." Syl. Pt. 3, *Strahin v. Cleavenger*, 216 W.Va. 175, 603 S.E.2d 197 (2004) (quotations and citations omitted). "Consequently, the threshold question in all actions in negligence is whether a duty was owed." *Id.*, 216 W.Va. at 183, 603 S.E.2d at 205.

The determination of whether a defendant owes a particular plaintiff a duty is not a question for a jury – rather, "[t]he determination of whether the plaintiff is owed a duty of care by the defendant must be rendered as a matter of law by the court." *Jack v. Fritts*, 193 W.Va. 494, 498, 457 S.E.2d 431, 435 (1995). To determine whether to impose a duty

upon a defendant, West Virginia law requires the court to consider "the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant." *Robertson v. LeMaster*, 171 W. Va. 607, 612, 301 S.E.2d 563, 567 (1983).

While the Supreme Court of Appeals of West Virginia has not yet addressed whether a retailer owes a duty to assist its patrons in loading merchandise, other state and federal courts have answered the question of duty in the negative. *See, e.g., Ghaemmahami v. Wal-Mart Stores, Inc.*, 442 F.Supp.2d 354 (S.D. Miss. 2006) (concluding that defendant retailer did not have a duty to assist the plaintiff in loading a purchased lawn mower); *The Kroger Co. v. Smith*, 218 S.W.3d 359 (Ark. Ct. App. 2005) (concluding that defendant retailer did not have a duty to assist when the plaintiff chose to take a heavily-laden cart by herself when she could have waited and asked for assistance); *Mick v. The Kroger Co.*, 37 Ill. 2d 148, 224 N.E.2d 859 (Ill. 1967) (holding that defendant retailer did not owe customer a duty to assist in carrying heavy grocery bags to car); *Riddle v. Lowe's Home Centers, Inc.*, 802 F.Supp.2d 900 (M.D. Tenn. 2011).

Under facts similar to the instant case, the *Riddle* Court granted a retailer defendant's Rule 12(b)(6) motion to dismiss, holding that the defendant did not owe a duty of care under Tennessee law to assist a customer in loading plywood into his vehicle. *Riddle*, 802 F.Supp.2d at 906. In *Riddle*, the plaintiff purchased plywood from Lowe's; after completing his purchase, the plaintiff asked a store employee for assistance in loading the plywood into his vehicle. *Id.* at 902. The store employee declined to render assistance. *Id.* The plaintiff allegedly sustained a personal injury while loading the

plywood into his truck without assistance. *Id*. The *Riddle* Court, in relying on the persuasive decisions cited above, held that the retailer defendant did not owe a duty of care to the plaintiff to assist with loading the purchase, and that to hold otherwise would create a new duty for proprietors under Tennessee law. *Id*. at 906.

Both the *Riddle* plaintiff and the plaintiff in the instant case purchased subjectively large and heavy pieces of Lowe's inventory and sought assistance in loading the same into their vehicles. In the instant case, after allegedly waiting for thirty minutes, plaintiff—instead of seeking help from another Lowe's employee—undertook the task of loading the recently purchased lawnmower into her vehicle.

As in *Riddle*, the only action taken that allegedly resulted in plaintiff's injuries was plaintiff's, and plaintiff's alone.

West Virginia premises liability law imposes a duty to protect patrons from hidden dangers and to maintain reasonably safe premises. Plaintiff's Complaint does not allege that she was injured by a hidden danger or that Lowe's premises were not reasonably safe. Instead, the allegations in Plaintiff's Complaint would have this Court impose a new duty on Lowe's: to ensure that it transports all merchandise to customers' vehicles after purchase. Once a customer makes a purchase, Lowe's does not have a duty to load that purchase into the customer's vehicle. It follows, then, that if Lowe's assisted with loading a customer's purchase, only then would Lowe's be under an affirmative duty to act reasonably in ensuring the safety of its customer. If Lowe's does not load the merchandise, as in the case at bar, the purchase becomes the property and control of the purchaser, over which the retailer no longer has control. Specifically, as West Virginia law

does not impose an affirmative duty upon retailers to load the purchases of their customers into their vehicles post-purchase, Lowe's did not owe a duty to the plaintiff in this case to load her lawn mower into her vehicle post-purchase. The simple, gratuitous promise to render assistance is not the type of affirmative act which would impose a duty. Had the employee provided assistance—and done so negligently—then there would be liability.

The allegation that Lowe's had a policy of assisting customers with their purchases does not alter this Court's decision. While there is no case directly on point, the West Virginia Supreme Court held in *Reynolds v. City Hosp., Inc.*, 207 W.Va. 101, 108, 529 S.E.2d 341, 348 (2000), that in medical malpractice actions, a hospital's own policies and procedures do not set the standard of care unless those policies and procedures are synonymous with the standard of care.

Whether a duty exists is a matter of law and negligence is based upon the reasonable person standard. Imposing a legal duty upon all business based upon their internal policies and procedures would result in different standards of care for each business entity depending upon their own particulars. This would seem to run contrary to the proposition that under West Virginia law all businesses are to be held to the same standard of care. *See Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999); *Senkus v. Moore*, 207 W.Va. 659, 662, 535 S.E.2d 724, 727 (2000); W.Va. Code § 55-7-28.

This Court sympathizes with the plaintiff. The undersigned has also waited and waited for promised assistance in loading purchases. Yet, this Court must apply the law.

For the reasons stated above, Defendant Lowe's Home Centers, LLC's Motion to Dismiss **[Doc. 4]** is **GRANTED**. This case is **DISMISSED**, and the Clerk is directed to

enter judgment in favor of the defendant. In addition, Defendant Lowe's Home Centers, LLC's Motion to Stay Discovery [**Doc. 18**] is **DENIED AS MOOT**.

**DATED**: July 14, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**